A charge similar to the one criticized was upheld by this court in the case of Hoy v. State, 115 S.W.2d 629, this day decided. See, also, Piner v. State, 131 Tex.Cr.R. 266, 97 S.W.2d 953. Bill No. 4 reflects no error as qualified by the court.

Bill No. 5 complains because appellant, due to the limited number of challenges and with only twelve men available from which to select a jury of six, was forced to accept one, Long, although he had been challenged for cause. The bill sets out the examination of the juror regarding his qualifications and the action of the court thereon in concluding that Long was a qualified juror. The identical question was raised in the case of Hoy v. State, supra, and for the reasons there stated, appellant's contention is overruled.

Bill of exception No. 6 complains of the court's action in sustaining the objection of state's counsel to the examination of appellant regarding his professional training, learning, etc. The bill is qualified by the trial court and, as qualified, presents no error.

No error appearing in the record, the judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### HENDRICKS v. STATE.
No. 19655.

Court of Criminal Appeals of Texas.
April 6, 1938.

G. de Graffenried, of Marshall, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Conviction is for driving an automobile on a public highway in Harrison county, Tex., while appellant was under the influence of intoxicating liquor, punishment assessed being five days in jail and a fine of $250.

The record contains neither bills of exception nor statement of facts. In this condition nothing is presented for review.

The judgment is affirmed.

### McTEE v. STATE.
No. 19658.

Court of Criminal Appeals of Texas.
April 6, 1938.

John D. Reese, of McKinney, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

Conviction is for driving an automobile upon a public highway while intoxicated; punishment, a fine of $50 and sixty days confinement in the county jail.

The record is before us without a statement of facts or bills of exceptions. The indictment is in due form and sufficient to charge the offense.

All other matters appearing regular, the judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.